UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ARNOLD BEVERLY,<br><br>  Plaintiff(s),<br><br>     v.<br><br>STATE OF NEVADA CLARK COUNTY LAS VEGAS METROPOLITAN POLICE DEPARTMENT,<br><br>  Defendant(s). | Case No. 2:15-CV-376 JCM (VCF)<br><br>ORDER |

Presently before the court is defendant Las Vegas Metropolitan Police Department's ("LVMPD") motion to dismiss. (Doc. #7). Plaintiff Arnold Beverly filed a "motion for summary judgment" which, rather than making any argument for summary judgment, instead responds to LVMPD's motion to dismiss. (Doc. #11). Out of an abundance of caution, LVMPD filed a response to the motion for summary judgment. (Doc. #14). Plaintiff then filed a reply and a motion for sanctions (doc. #16) and LVMPD filed its response to plaintiff's motion for sanctions. (Doc. #18).

**I.   Background**

Plaintiff alleges that he was stopped by two officers on December 25, 2014 after he was observed jaywalking near the corner of Lamb and Owens Street. (Doc. #1). As a result of the stop, he received ticket #1-05286229. (*Id.*) When plaintiff was stopped, he claims he was given commands to "do nothing" and was subjected to "multiple body searches while the Las Vegas Metropolitan Police inflicted extreme pain." (*Id.*) Plaintiff claims he was attacked and dominated such that he "yielded for fear of losing his life." (*Id.*) He further claims that "[b]y design the Las

**James C. Mahan**
**U.S. District Judge**

Vegas Metropolitan Police Officers are trained to do their duties in a way that, only in compliance to the Las Vegas Metropolitan Police Officers commands can one avoid a trip to the morgue."

Plaintiff then filed the instant suit against LVMPD and does 1-99. He does not appear to know the names of the officers who stopped him. Plaintiff does not expressly state the cause of action under which he is suing, but requests relief in the form of damages, declaratory judgment, and costs and expenses incurred. (*Id.*)

## II.    Legal Standard

### a. Motion to dismiss

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678-79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.*

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

**James C. Mahan**
**U.S. District Judge**

- 2 -

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged – but it has not shown – that the pleader is entitled to relief." Id. at 679 (internal quotations omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court held,

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

    b. *Motion for sanctions*

Federal Rule of Civil Procedure 11(c)(2) prohibits a party from filing a motion for sanctions unless they have served the motion under Rule 5 and waited 21 days to allow the offending party the opportunity to cure the alleged violation of Rule 11(b):

> (2) Motion for Sanctions. A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.

Fed.R.Civ.P. 11(c)(2). Pro-se litigants are required to follow the same rules as attorneys. *See, e.g.*, *Hernandez v. Nye County School Dist.*, 2011 WL 2938274 at *1 (D. Nev. 2011)

### III. Discussion

As an initial matter, the court acknowledges that the complaint was filed *pro se* and is therefore held to less stringent standards. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (internal quotations

**James C. Mahan**
**U.S. District Judge**

- 3 -

and citations omitted). However, "*pro se* litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record." *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir.1986).

Furthermore, the court construes plaintiff's "motion for summary judgment" as a response to LVMPD's motion to dismiss. The court does so because plaintiff's motion directly responds to the points raised in LVMPD's motion to dismiss, does not raise any independent points, was filed one day after his response to the motion to dismiss was due, and, as LVMPD rightly points out, does not identify any claim on which summary judgment is sought. (Doc. #14). Fed.R.Civ.P. 56(a) requires a party to "identif[y] each claim…on which summary judgment is sought." As plaintiff's motion in no way complies with the requirements of Rule 56(a) and reads like a response to LVMPD's motion to dismiss, it will be treated as such.

      *a. Motion to dismiss*

          i. LVMPD

"Municipalities" are 'persons' under 42 U.S.C. § 1983 and thus may be liable for causing a constitutional deprivation." *Long v. Cnty. Of Las Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006) (citing *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978)). "[T]he municipality itself must cause the constitutional deprivation and [ ] a city may not be held vicariously liable for the unconstitutional acts of its employees under the theory of respondeat superior." *Gillette v. Delmore*, 979 F.2d 1342, 1346 (9th Cir. 1992).

In order to state a *Monell* claim against a municipality for "deliberate inaction," the plaintiff must state: "(1) that he [or she] possessed a constitutional right of which he [or she] was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4) that the policy was the moving force behind the constitutional violation." *Miranda v. City of Cornelius*, 429 F.3d 858, 868 (9th Cir. 2005) (quoting *Berry v. Baca*, 379 F.3d 764, 767 (9th Cir. 2004) ; *Levine v. City of Alameda*, 525 F.3d 903, 907 (9th Cir. 2008) ("To establish liability, a plaintiff must establish that he was deprived of a constitutional right and that the city had a policy, practice, or custom which amounted to deliberate

indifference to the constitutional right and was the moving force behind the constitutional violation.")

Plaintiff does not sufficiently allege a *Monell* claim in his complaint. While he claims that "[b]y design the Las Vegas Metropolitan Police Officers are trained to do their duties in a way that, only in compliance to the Las Vegas Metropolitan Police Officers commands can one avoid a trip to the morgue." Plaintiff's claim is nothing more than speculation. *See Twombly*, 550 U.S. at 555. He does not cite to any facts to support the notion that the LVMPD has a policy that amounts to deliberate indifference of plaintiff's constitutional right and that this policy was the force behind the constitutional violation. *Miranda*, 429 F.3d at 858.

ii. Doe defendants

Generally, the use of "John Doe" to identify a defendant is disfavored in federal court. *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980) (citing *Wiltsie v. Cal. Dep't of Corr.*, 406 F.2d 515, 518 (9th Cir. 1968)). However, situations arise, such as the present, where the identity of alleged defendants will not be known prior to the filing of a complaint. *Id.* In such circumstances, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds. *Id.* (citations omitted).

Plaintiff may determine the names of those who issued his ticket and were involved in the incident alleged to have occurred on December 25, 2014. It is likely that answers to the interrogatories during discovery will disclose the identities of the doe defendants. *Id.*

Title 42 U.S.C. § 1983 provides a cause of action for the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. "To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of State law." *Long v. Cnty. of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006).

According to plaintiff's version of the events, two unidentified officers subjected him to multiple body searches and "inflicted extreme pain" when they stopped him for jaywalking. (Doc.

**James C. Mahan**
**U.S. District Judge**

- 5 -

#1). They grabbed, dominated, and used "instant control techniques" on him such that he "completely surrendered and yielded for fear of losing their life." (*Id.*)

Construing plaintiff's complaint liberally, the court finds these allegations sufficient to state a claim for excessive force under 42 U.S.C. § 1983.

      *b. Motion for sanctions*

Plaintiff's motion for sanctions does little more than recite Rule 11 of the Federal Rules of Civil Procedure. (Doc. #16). Plaintiff argues that LVMPD should be sanctioned essentially because it disagreed with plaintiff's complaint and motion for summary judgment. (*Id.*) Furthermore, plaintiff did not adhere to the procedural requirements of Rule 11. The court therefore denies plaintiff's motion for sanctions.

**IV.   Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant Las Vegas Metropolitan Police Department's motion to dismiss (doc. #7) is GRANTED as to plaintiff's *Monell* liability claim and DENIED as to plaintiff's 42 U.S.C § 1983 claim.

IT IS FURTHER ORDERED that plaintiff's motion for summary judgment (doc. #11) is DENIED.

IT IS FURTHER ORDERED that plaintiff's motion for sanctions (doc. #16) is DENIED.

DATED February 16, 2016.

                                                  UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**