1

2

3

4              UNITED STATES DISTRICT COURT

5                   DISTRICT OF NEVADA

6                        * * *

7    ARNOLD BEVERLY,                      Case No. 2:15-CV-376 JCM (VCF)

8                          Plaintiff(s),          ORDER

9         v.

10   STATE OF NEVADA CLARK COUNTY
     LAS VEGAS METROPOLITAN POLICE
11   DEPARTMENT,

12                         Defendant(s).

13

14        Presently before the court is *pro se* plaintiff Arnold Beverly's motion for judgment on the

15   pleadings.  (ECF No. 26).  Defendant Las Vegas Metropolitan Police Department ("LVMPD")

16   filed a response (ECF No. 32), to which plaintiff did not reply.

17        Also before the court is LVMPD's motion for summary judgment.  (ECF No. 28).  Plaintiff

18   has not responded, and the period to do so has since passed.

19   **I.    Facts**

20        This is a civil rights action under 42 U.S.C. § 1983 alleging excessive force in violation of

21   the 4th Amendment.  (ECF No. 1).

22        Plaintiff alleges that he was stopped by two officers on December 25, 2014, after he was

23   observed jaywalking near the corner of Lamb and Owens Street.  (ECF No. 1).  As a result of the

24   stop, he received ticket (#1-05286229).  (ECF No. 1).  Plaintiff alleges that while stopped, the

25   officers commanded him to "do nothing" and subjected him to "multiple body searches while the

26   Las Vegas Metropolitan Police inflicted extreme pain."  (ECF No. 1).  Plaintiff claims that he was

27   attacked and dominated such that he "yielded for fear of losing his life."  (ECF No. 1).  He further

28   claims that "[b]y design the Las Vegas Metropolitan Police Officers are trained to do their duties

**James C. Mahan**
**U.S. District Judge**

1    in a way that, only in compliance to the Las Vegas Metropolitan Police Officers commands can

2    one avoid a trip to the morgue."  (ECF No. 1).

3         Plaintiff then filed the instant action against LVMPD and does 1 through 99.  (ECF No. 1).

4    Plaintiff does not appear to know the names of the officers who stopped him.  (ECF No. 1).

5    Further, plaintiff does not expressly state the cause of action under which he is suing, but requests

6    relief in the form of damages, declaratory judgment, and costs and expenses incurred.  (ECF No.

7    1).

8         On February 16, 2016, the court denied LVMPD's motion to dismiss as to plaintiff's §

9    1983 claim, but granted the motion as to plaintiff's *Monell* liability claim.  (ECF No. 21).  In that

10   order, the court found that upon construing plaintiff's complaint liberally, the allegations were

11   sufficient to state a claim for excessive force under § 1983.  (ECF No. 21).  Further, the court held

12   that plaintiff should be given an opportunity through discovery to identify the unknown defendants

13   because he was likely to discover the names of the two officers during discovery.  (ECF No. 21).

14        On April 12, 2016, the court entered a scheduling order setting June 13, 2016, as the

15   deadline for motions to amend or add parties, and September 12, 2016, as the deadline for

16   dispositive motions.  (ECF No. 23).  No motions to amend were filed.

17        Plaintiff now moves for judgment on the pleadings.  (ECF No. 26).  LVMPD now moves

18   for summary judgment based on plaintiff's failure to support his § 1983 claim, as well as to renew

19   its request for dismissal as to the "doe" defendants.  (ECF No. 28).  The court will address each in

20   turn.

21   **II.    Legal Standard**

22        **A.  Judgment on the Pleadings**

23        "After the pleadings are closed—but early enough not to delay trial—a party may move

24   for judgment on the pleadings."  Fed. R. Civ. P. 12(c).  Motions for judgment on the pleadings

25   pursuant to Federal Rule of Civil Procedure 12(c) are "functionally identical" to motions to dismiss

26   for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  *Dworkin v. Hustler*

27   *Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989).

28

**James C. Mahan**
**U.S. District Judge**

- 2 -

1    In reviewing a motion for judgment on the pleadings pursuant to Rule 12(c), the court

2  "must accept all factual allegations in the complaint as true and construe them in the light most

3  favorable to the non-moving party." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009).

4  "[J]udgment on the pleadings is proper 'when, taking all the allegations in the non-moving party's

5  pleadings as true, the moving party is entitled to judgment as a matter of law.'" *Ventress v. Japan*

6  *Airlines*, 486 F.3d 1111, 1114 (9th Cir. 2007) (citation omitted).  The allegations of the nonmoving

7  party must be accepted as true while any allegations made by the moving party that have been

8  denied or contradicted are assumed to be false.  *MacDonald v. Grace Church Seattle*, 457 F.3d

9  1079, 1081 (9th Cir. 2006).

10    **B.  Summary Judgment**

11    The Federal Rules of Civil Procedure allow summary judgment when the pleadings,

12  depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,

13  show that "there is no genuine dispute as to any material fact and the movant is entitled to a

14  judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A principal purpose of summary judgment is

15  "to isolate and dispose of factually unsupported claims."  *Celotex Corp. v. Catrett*, 477 U.S. 317,

16  323–24 (1986).

17    For purposes of summary judgment, disputed factual issues should be construed in favor

18  of the non-moving party.  *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888 (1990).  However, to be

19  entitled to a denial of summary judgment, the non-moving party must "set forth specific facts

20  showing that there is a genuine issue for trial."  *Id.*

21    In determining summary judgment, a court applies a burden-shifting analysis.  "When the

22  party moving for summary judgment would bear the burden of proof at trial, it must come forward

23  with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at

24  trial.  In such a case, the moving party has the initial burden of establishing the absence of a genuine

25  issue of fact on each issue material to its case."  *C.A.R. Transp. Brokerage Co. v. Darden Rests.,*

26  *Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

27    By contrast, when the non-moving party bears the burden of proving the claim or defense,

28  the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential

**James C. Mahan**
**U.S. District Judge**

1  element of the non-moving party's case; or (2) by demonstrating that the non-moving party failed

2  to make a showing sufficient to establish an element essential to that party's case on which that

3  party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving

4  party fails to meet its initial burden, summary judgment must be denied and the court need not

5  consider the non-moving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–

6  60 (1970).

7        If the moving party satisfies its initial burden, the burden then shifts to the opposing party

8  to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith*

9  *Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the

10  opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient

11  that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing

12  versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626,

13  631 (9th Cir. 1987).

14        In other words, the nonmoving party cannot avoid summary judgment by relying solely on

15  conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040,

16  1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the

17  pleadings and set forth specific facts by producing competent evidence that shows a genuine issue

18  for trial. *See Celotex*, 477 U.S. at 324.

19        At summary judgment, a court's function is not to weigh the evidence and determine the

20  truth, but to determine whether there is a genuine issue for trial. *See Anderson v. Liberty Lobby*,

21  *Inc.*, 477 U.S. 242, 249 (1986). The evidence of the nonmovant is "to be believed, and all justifiable

22  inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is

23  merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at

24  249–50.

25        Pursuant to Local Rule 7-2(d), an opposing party's failure to file a timely response to any

26  motion constitutes the party's consent to the granting of the motion and is proper grounds for

27  dismissal. LR 7-2(d). A court cannot, however, grant a summary judgment motion merely because

28  it is unopposed, even where its local rules might permit it. *Henry v. Gill Indus., Inc.*, 983 F.2d

**James C. Mahan**
**U.S. District Judge**

- 4 -

1    943, 949–50 (9th Cir. 1993); *see also Martinez v. Stanford*, 323 F.3d 1178, 1182 (9th Cir. 2003)

2    (a district court cannot grant a motion for summary judgment based merely on the fact that the

3    opposing party failed to file an opposition).

4        Even without an opposition, the court must apply standards consistent with Federal Rule

5    of Civil Procedure 56, determining if the moving party's motion demonstrates that there is no

6    genuine issue of material fact and judgment is appropriate as a matter of law.  *Henry*, 983 F.2d at

7    950; *see also Clarendon Am. Ins. Co. v. Jai Thai Enters., LLC*, 625 F. Supp. 2d 1099, 1103 (W.D.

8    Wash. 2009).[1]

9    **III.    Discussion**

10       As an initial matter, the court acknowledges that plaintiff's complaint and motion were

11   filed *pro se* and are therefore held to less stringent standards.  *Erickson v. Pardus*, 551 U.S. 89, 94

12   (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however

13   inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by

14   lawyers.") (internal quotation marks and citation omitted).  However, "*pro se* litigants in an

15   ordinary civil case should not be treated more favorably than parties with attorneys of record."

16   *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986).

17       In his motion, plaintiff requests judgment based on the pleadings, asserting that "[t]his

18   cause of action steamed [*sic*] from an unlawful[,] warrant less [*sic*] arrest" and that "[a] cause of

19   action exists against defendant(s)." (ECF No. 26 at 2).  In response, LVMPD argues that plaintiff's

20   motion is premature because pleadings have yet to close as no defending party has filed an answer.

21   (ECF No. 32 at 3).

22       In LVMPD's motion, it argues that dismissal of the "doe" defendants is proper because

23   plaintiff has failed to state a claim against them and has failed to amend his complaint to identify

24   them.  (ECF No. 28).  LVMPD asserts that it identified the officers in the underlying incident in

25   its response (ECF No. 14, exh. 1) to plaintiff's prior motion for summary judgment (ECF No. 11)

26

27   [1] "[S]ummary judgment cannot be granted by default, even if there is a complete failure to respond to the motion." Fed.R.Civ.P. 56, 2010 cmt. to subdivision (e).  The court may only grant summary judgment if "the motion and supporting materials . . . show that the movant is entitled to it." Fed.
28   R. Civ. P. 56(e).

James C. Mahan
U.S. District Judge

- 5 -

1    and in its initial disclosures.  (ECF No. 28 at 3).  LVMPD argues that plaintiff has had the

2    opportunity to identify the "doe" defendants, but failed to amend his complaint or timely request

3    an extension.  (ECF No. 28 at 9).

4         Pursuant to the court's February 16th order, plaintiff's *Monell* liability claim was

5    dismissed, but his § 1983 claim for excessive force against the two unidentified officers survived.

6    (ECF No. 21).  In that order, the court held that plaintiff should be given an opportunity through

7    discovery to identify the unknown defendants because he was likely to discover the names of the

8    two officers during discovery.  (ECF No. 21).

9         LVMPD attached the ticket plaintiff received during the underlying incident to its response

10   to plaintiff's prior motion for summary judgment, which LVMPD filed on September 4, 2015.

11   The ticket identifies the name of issuing officer as "B. Hatfield."  (ECF No. 14 at 10).

12        On April 12, 2016, the court entered a scheduling order setting June 13, 2016, as the

13   deadline for motions to amend or add parties, and September 12, 2016, as the deadline for

14   dispositive motions.  (ECF No. 23).  Further, discovery was due by August 12, 2016.  Plaintiff

15   failed to file any motions to amend his complaint to include the identity of the ticketing officer.

16   Instead, plaintiff filed the instant motion for judgment on the pleadings.  (ECF No. 26).

17        Because plaintiff failed to amend his complaint to include the identities of the "doe"

18   defendants, the original complaint controls.  Plaintiff's complaint, however, alleges a § 1983 claim

19   against two unidentified officers.  (ECF No. 1).  Thus, plaintiff has not shown that he is entitled to

20   judgment as a matter of law as required by Rule 12(c).  Accordingly, plaintiff's motion will be

21   denied.

22        In light of the foregoing, the court will grant LVMPD's renewed request to dismiss

23   plaintiff's complaint as to the remaining "doe" defendants and plaintiff's complaint will be

24   dismissed.  Plaintiff has failed to timely amend his complaint to identify the "doe" defendants so

25   as to sufficiently state a claim upon which relief may be granted—despite having the opportunity

26   to conduct discovery—nor has he requested any extensions of time.  Further, as no claims or

27   defendants remain, the court will deny the remainder of LVMPD's motion for summary judgment

28   as moot.

**James C. Mahan**
**U.S. District Judge**

**IV.      Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's motion for judgment on the pleadings (ECF No. 26) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that LVMPD's motion for summary judgment (ECF No. 28) be, and the same hereby is, GRANTED IN PART and DENIED IN PART consistent with the foregoing.

IT IS FURTHER ORDERED that plaintiff's complaint (ECF No. 1) be, and the same hereby is, DISMISSED.

IT IS FURTHER ORDERED that the clerk shall enter judgment accordingly and close the case.

DATED January 26, 2017.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 7 -